[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 11, 2007
THOMAS K. KAHN
CLERK

No. 07-10104
Non-Argument Calendar

_____

D. C. Docket No. 06-80064-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CALLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 11, 2007)**

Before BIRCH, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Jose Calles appeals as unreasonable his 240-month sentence imposed after

he pled guilty to kidnaping, in violation of 18 U.S.C. § 1201(a), and interstate transportation of a stolen vehicle, in violation of 18 U.S.C. § 2312. We affirm.

## I. BACKGROUND

Calles is a member of Mara Salvatrucha 13 ("MS-13"), a violent street gang with origins in El Salvador. On January 11, 2006, a fellow MS-13 member, Douglas Collocho, told Calles and some other gang members that there was trouble with some black males in their apartment complex parking lot in Virginia Beach, Virginia. Calles and three other MS-13 members armed themselves with machetes and handguns and went to the parking lot in their apartment complex, where Collocho fired four shots at a black male. Calles's brother, Victor Calles, learned of the shooting and decided that he and Jose should go to West Palm Beach, Florida, to live with their aunt.

Victor Calles lived with his girlfriend, Christina Esfandiari, who was known to have a large amount of money because of a legal settlement. On January 16, 2006, Jose Calles, Victor Calles, Javier Santos, and Joel Muratti-Hani attacked Esfandiari ("the victim"). The four men went into the victim's bedroom and struck her repeatedly. Jose Calles grabbed a knife from the kitchen and held it to the victim's throat; the men told the victim not to scream or they would kill her. Soon after attacking the victim, Victor Calles and Santos left with the victim's credit

2

cards and a personal identification number so that they could obtain cash. While Victor Calles and Santos were away, Muratti-Hani decided that he wanted to rape the victim; Jose Calles assisted in raping the victim by pulling her legs apart so that Muratti-Hani could penetrate her. Jose Calles encouraged Muratti-Hani and taunted the victim while Muratti-Hani raped her. When Victor Calles and Santos returned, the four men forced the victim out of her apartment and into her vehicle. As they left the victim's apartment, Jose Calles pointed to a picture of her children and told her to say goodbye to her young sons, because she was never going to see them again. In addition to the victim's car, the four men took other personal property, including her credit cards, jewelry, two computers, and a plasma television.

They drove the victim's car from Virginia Beach, Virginia, to West Palm Beach, Florida. Upon arrival in West Palm Beach, they checked into a Dollar Inn Motel. On January 17, 2006, at 8:00 A.M., the victim noticed that the four men were asleep, so she ran outside and called for help. Officers from the West Palm Beach Police Department arrived and took Victor and Jose Calles into custody.

Jose Calles pled guilty to a two-count indictment for kidnaping under § 1201(a) and interstate transportation of a stolen vehicle under § 2312. For the kidnaping count, the probation officer calculated Calles's adjusted offense level to

3

be 42, with a reduction of two levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), which gave him a total adjusted offense level of 40. For the theft count, the probation officer calculated an adjusted base offense level of 10. After applying the grouping rules, the probation officer calculated Calles's total offense level to be 40.

Calles's presentence investigation report ("PSI") shows that Calles, who was eighteen years old at the time with a history of drug and alcohol abuse, has a Criminal History Category of I. Specifically, Calles admitted to having used marijuana, powder cocaine, and crack cocaine. He reported that he would use crack cocaine for three or four days at a time. Calles had several disciplinary problems while in school, including obscene gestures, possession of marijuana, disrupting class, sexual harassment, and bringing a knife to school. The probation officer calculated the resulting Sentencing Guidelines range to be 292-365 months of imprisonment.

At the sentencing hearing, the government made a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). The government moved for a twenty percent downward departure because Calles pled guilty the morning of his trial and agreed to testify truthfully before the jury. The government urged the district judge not to go below a twenty percent reduction

because Calles did not agree to testify until the morning of his trial, and he has no moral development, demonstrated by his drug usage and problems in school. The government further maintained that the public needed to be protected from Calles, and that only a long sentence would provide protection. Based on a twenty percent reduction, the government urged that Calles's sentence should be 234 months.

Defense counsel argued that Calles should receive a lower sentence because of his age and cooperation with the government by testifying against his brother, Victor, at Victor's trial. Additionally, counsel argued that Calles is not an inherently bad person and had no history of violence. Counsel further suggested that imprisonment for ten years (120 months) or less would be appropriate because Calles needs to acquire discipline and direction. Defense counsel urged the district judge to reduce Calles's sentence by fifty percent or more.

In rebuttal, the government argued that Calles was a danger and that a long sentence was necessary to protect the public. Contrary to defense counsel's argument, the government argued that Calles was violent demonstrated by the facts of his case, including Calles's presence during the shooting in the apartment parking lot and his participation in the victim's rape. The government further argued that Calles's violent nature was illustrated when the victim was taken forcibly from her apartment, and Calles told her that she would not see her children

5

again. The government noted that, but for Calles's pleading guilty the morning of his trial, his applicable Sentencing Guidelines offense level would be 42, which corresponds to a Guidelines range of 360 months of imprisonment to life.

At the sentencing hearing, the victim, Esfandiari, spoke on behalf of Calles. She gave the district judge a lengthy description of Calles's family history and problems. Specifically, she explained that Calles lived in poverty and that he had experienced an unhappy family life. She characterized Calles as "a victim of circumstances that are out of his control." R5 at 31. In concluding her statement, the victim asked the judge for leniency in sentencing Calles.

At the sentencing hearing, the district judge considered Calles's arguments and the victim's statement on behalf of Calles. Before imposing the sentence, the judge stated, "I've considered the statements of all of the parties, including the victim, I've reviewed the presentence report which contains the advisory guidelines and the statutory factors." Id. at 32. The judge granted the government's motion for downward departure and sentenced Calles to a term of 240 months in prison on Count 1 and a term of 120 months in prison on Count 2, to be served concurrently. After Calles was sentenced, his counsel objected to his sentence as being unreasonable under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

6

## II. DISCUSSION

On appeal, Calles argues that his 240-month sentence, which is below the Sentencing Guidelines range of 292 to 365 months, is nevertheless unreasonable[1] "because it fails to promote the goal of rehabilitation, fails to consider the history and characteristics of the defendant and fails to adequately take into account the level of his assistance and cooperation." Appellant's Br. at 7. He further contends that his sentence is unnecessarily harsh, particularly in view of the fact that he was eighteen years old at the time of sentencing, and he has not been incarcerated previously.

"'In reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the [18 U.S.C.] § 3553(a) factors.'" United States v. Valnor, 451 F.3d 744, 748 (11th Cir. 2006) (citation omitted). The § 3553(a) factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed— (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the

---

[1] Calles challenges the reasonableness of the sentence, which is cognizable on appeal under 18 U.S.C. § 3742(a)(1). United States v. Martinez, 434 F.3d 1318, 1322 (11th Cir. 2006) (per curiam) (determining "that a post-Booker appeal based on the 'unreasonableness' of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1)").

7

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the [S]entencing [Guidelines] range . . .; (5) any pertinent policy statement— (A) issued by the Sentencing Commission . . .; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

A district judge does not need to state on the record that each factor has been considered and does not need to discuss each factor. United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007). In determining if a district judge adequately has considered the defendant's arguments and the § 3553(a) factors, we look at the judge's statements during the entire sentencing hearing. United States v. Williams, 435 F.3d 1350, 1355 (11th Cir. 2006) (per curiam). Additionally, we have compared the sentence actually imposed to the statutory maximum in the reasonableness review process. United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005) (per curiam). The burden of proving that the sentence is unreasonable under the record and the § 3553(a) factors rests on the challenger. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

We do not presume reasonable a sentence within the properly calculated Sentencing Guidelines range. United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006). The Supreme Court, however, has upheld other circuit decisions

8

affording such a presumption and recognized that a sentence, independently calculated by a district judge in accordance with Booker that falls within the properly calculated Guidelines range "significantly increases the likelihood that the sentence is a reasonable one." Rita v. United States, ___ U.S. ___, ___, 127 S. Ct. 2456, 2463 (2007).

Before imposing Calles's sentence, the district judge acknowledged that he had considered Calles's arguments, the government's arguments, the victim's statement on behalf of Calles, and the PSI. Aside from these considerations, the district judge also heard Calles apologize for his actions. The judge additionally was aware of Calles's personal history, including substance abuse and disciplinary problems in school, which preceded the two episodes of violent behavior at issue in this case: (1) participating in the attempted murder of the black male in the apartment parking lot, and (2) assisting in the rape of the victim, all of which relate to § 3553(a) factors. Our review of reasonableness consists of considering the § 3553(a) factors, which includes Calles's need for rehabilitation and his personal circumstances that he argues were not assessed, as well as the district judge's reasons for the sentence imposed. Williams, 435 F.3d at 1355. Significantly, Calles's 240-month sentence was below the Guidelines range of 292-365 months of imprisonment and well below the life imprisonment, statutory maximum of §

9

1201(a). Based on this record, Calles has not met his burden of establishing the unreasonableness of his sentence. Because the district judge considered all of Calles's arguments and considered the factors outlined by § 3553(a), we conclude that the sentence he imposed is reasonable.

### III. CONCLUSION

On appeal, Calles contends that his 240-month sentence for kidnaping and interstate transportation of a stolen vehicle is unreasonable. As we have explained, Calles has failed to establish the unreasonableness of his sentence, because the district judge gave him a sentence below the Sentencing Guidelines range and the statutory sentence of life imprisonment, as well as considered all of the § 3553(a) factors. Accordingly, Calles's sentence is **AFFIRMED.**